John J. Edmonds (State Bar No. 274200)
jedmonds@cepiplaw.com
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER, PLLC
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone: (951) 708-1237
Facsimile: (951) 824-7901

Attorney for Plaintiff,
**GAMETEK LLC**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMETEK LLC,<br><br>    Plaintiff,<br>  v.<br><br>FUNZIO, INC.; FUNZIO USA, INC.; and GREE INTERNATIONAL, INC.<br><br>    Defendants. | **Case No.:** '12CV2928 BTM BLM<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 7,076,445**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: December 10, 2012<br>Trial Date: not set |

This is an action for patent infringement in which GAMETEK LLC submits this Complaint against Defendants named herein, namely FUNZIO, INC.; FUNZIO USA, INC.; and GREE INTERNATIONAL, INC. (collectively "Defendants"), as follows:

**THE PARTIES**

1.     GAMETEK LLC ("GAMETEK" or "Plaintiff") is a California limited liability company with a place of business at 500 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

2.     On information and belief, FUNZIO, INC. is a Delaware corporation with a place of business at 500 Howard Street, Suite 425, San Francisco, CA 94105.

3. On information and belief, FUNZIO USA, INC. is a Delaware corporation with a place of business at 500 Howard Street, Suite 425, San Francisco, CA 94105.

4. On information and belief, GREE INTERNATIONAL, INC. is a California corporation with a place of business at 330 Primrose Rd. Suite 407, Burlingame, CA 94010. Hereinafter, FUNZIO, INC., FUNZIO USA, INC., and GREE INTERNATIONAL, INC. are collectively referred to as "FUNZIO."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, the Defendants are subject to this Court's specific and/or general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute, due at least to their substantial business in California, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites and/or games comprising infringing methods, which are at least used in and/or accessible in California. Further, on information and belief, Defendants regularly conduct and/or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from goods and services provided to persons and/or entities in California.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and/or general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites and games comprising

infringing methods, which are at least used in and/or accessible in this district. Further, on information and belief, Defendants regularly conduct and/or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from goods and services provided to persons and/or entities in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,076,445

8. United States Patent No. 7,076,445 ("the '445 patent"), entitled "SYSTEM AND METHODS FOR OBTAINING ADVANTAGES AND TRANSACTING THE SAME IN A COMPUTER GAMING ENVIRONMENT," issued on July 11, 2006.

9. GAMETEK is the present assignee of the entire right, title and interest in and to the '445 patent, including all rights to sue for past and present infringement. Accordingly, GAMETEK has standing to bring this lawsuit for infringement of the '445 patent.

10. The various claims of the '445 patent cover, inter alia, a method of managing a game comprising displaying a plurality of game objects, determining if the user has sufficient consideration to purchase a game object, presenting an offer to purchase the game object dependent upon parameters comprising the tracked activity of the user and the indication that the user has sufficient consideration, permitting the user to purchase the game object without interrupting the game, supplying the purchased game object to the user without interrupting the game, and incorporating the game object into the game.

11. On information and belief, FUNZIO has been and now is infringing, including jointly, the '445 patent by actions comprising managing a game comprising displaying a plurality of game objects, determining if the user has sufficient consideration to purchase a game object, presenting an offer to purchase the game object dependent upon parameters comprising the tracked

activity of the user and the indication that the user has sufficient consideration, permitting the user to purchase the game object without interrupting the game, supplying the purchased game object to the user without interrupting the game, and incorporating the game object into the game. On information and belief, such methods comprise Crime City, Kingdom Age, and Modern War.

12. Further, on information and belief, FUNZIO makes, uses, and hosts the game known as Crime City.

13. Further, on information and belief, FUNZIO makes, uses, and hosts the game known as Kingdom Age.

14. Further, on information and belief, FUNZIO makes, uses, and hosts the game known as Modern War.

15. As a result of FUNZIO's infringing conduct, FUNZIO has damaged GAMETEK. FUNZIO is liable to GAMETEK in an amount that adequately compensates GAMETEK for its infringement, which by law, can be no less than a reasonable royalty.

16. FUNZIO was put on notice of the '445 patent prior to the filing of this suit.  GAMTEK contends that, at a minimum, FUNZIO's ongoing infringement of the '445 patent since receiving notice of the '445 patent is willful, including because FUNZIO's infringement is clear and, at a minimum, such infringement is an objectively reckless act.

## **PRAYER FOR RELIEF**

WHEREFORE, GAMETEK respectfully requests that this Court enter:

1. A judgment in favor of GAMETEK that Defendants have infringed the '445 patent;

2. A judgment that FUNZIO's infringement is and/or has been willful and objectively reckless;

3. A permanent injunction enjoining Defendants, and their officers, directors, employees, agents, affiliates and all others acting in active concert therewith from infringing the '445 patent;

4. A judgment and order requiring FUNZIO to pay to GAMETEK its damages, costs, expenses, fees, and prejudgment and post-judgment interest for FUNZIO's infringement of the '445 patent as provided under 35 U.S.C. §§ 284 and/or 285.

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to GAMETEK its reasonable attorneys' fees;

6. Any and all other relief to which GAMETEK may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 10, 2012

Respectfully submitted,

COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC

 /s/ *John J. Edmonds*
John J. Edmonds

Attorney for Plaintiff
GAMETEK LLC